UNITED STATED DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

CIVIL MIAMI DIVISION

OUTGOING LEGAL MAIL
PROVIDED TO TAYLOR C.I. FOR
MAILING ON
11/17/20 / HK MB
DATE

FILED by _AG_ D.C.

NOV 2 8 2017

STEVEN M. LARIMORE
CLERK U.S. DIST CT.
S.D. - Miami

CIVIL RIGHTS COMPLAINT

PURSUANT TO 42 U.S.C. §1983

cat/div  550/1983/MIA
Case # _____
Judge _____ Mag WHITE
Motn Ifp YES  Fee pd $ —
Receipt # _____

BRITISH D. MOSS

D.C. # 184797

Plaintiff                                          case no: _____

Vs.
Richard K. Davis,
Andrew Cecere,
Jennie Carlson,
U.S. BANK NATIONAL ASSOCIATES
In Their official/Individual Capacity
Defendant(s)

_____/

I. PARTIES:

PLAINTIFF:

NAME OF PLAINTIFF: BRITISH D. MOSS, D.C. #184797

PRISON OR JAIL: TAYLOR CORRECTIONAL INSTITUTION ANNEX

8501 HAMPTON SPRINGS ROAD/ DORM-01143-Single

PERRY, FLORIDA 32348-8747

DEFENDANT(S)

A. DEFENDANT'S NAME: U.S. BANK NATIONAL ASSOCIATES
RICHARD K. DAVIS, ANDREW CECERE, AND JENNIE CARLSON, IN THEIR OFFICIAL, AND THEIR Individual Capacity.
OFFICIAL POSITION: C.E.O & C.O.O
EMPLOYED AT:      800 Nicollet Mall
MAILING ADDRESS: Minneapolis, Mn. 55402

2. EXHAUSTION OF ADMINISTRATIVE REMEDIES

Exhaustion of administrative remedies is required prior to pursuing a civil rights action conditions or events in any prison, jail, or detention center. **42U.S.C. §1997e (a).**

Plaintiff is warned that any claims for which the administrative grievance process was not completed prior to filing this lawsuit may be subject to dismissal. The Plaintiff has exhausted his administrative remedies as to any and all claims herein.

2

3

## 3. PREVIOUS LAWSUIT

A. Have you initiated other actions in state court dealing with the same or similar facts/issues involved in this action    YES ( )    NO (X)

B. Have you initiated other actions in Federal court dealing with the same facts/issues in this action?    YES ( )    NO (X)

C. Have you initiated other actions (besides those listed above in questions (A) and (B) in either state or federal court that related to the fact or manner of your incarceration (including Habeas Corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode and whether it involved excessive force or some other wrong)?

YES ( )    NO (X)

D. Have you ever had any actions in Federal court dismissed as frivolous, malicious, failing to state a claim, or prior to service? If so, identify each and every case so dismissed:

YES ( )    NO (X)

## 4. STATEMENTS OF THE FACTS:

3

1. In this complaint The Plaintiff will allege how each defendant is providing The Plaintiff inadequate legal treatment for acquiring of the Plaintiff said properly; The Plaintiff will show both objective and subjective components of deliberate indifference.

2. The Plaintiff will show that his objective serious constitutional need(s) If left unattended posed a substantial risk of the Plaintiff living the pain that the trial court erred in construing the illegal foreclosure sale auction and that the defendants response to the need of reinstating the mortgage and **Grant** the motion for involuntary dismissal is so poor as to constitute an unnecessary and wanton infliction of pain.

3. Plaintiff argues albeit in artfully U.S. Bank National Assoc. violated **15U.S.C. § 1692(e)** by not mailing Mr. Moss a foreclose sale auction component. The Plaintiff alleges that lawyers for U.S. Bank Nat. Assoc. failed the adequate steps to verify the truth or accuracy of the debt before attempting to foreclose, being as though it was the Bank whom lost & destroys the note(s), deeds & titles to Mr. Moss property, the deliberate indifference is so obvious that even a lay person easily recognizes the necessity for a **42 U.S.C. § 1983** attention. Review Appendix #D.

4. The Plaintiff will show the defendant's subjective knowledge or risk of The Plaintiff having to suffer with pain and anguish; The Defendants disregard of that anguish of losing his home of 46 years and their conduct is more than mere negligent.

5. The Defendants conduct toward The Plaintiff includes:

   a.) Grossly inadequate mortgage that contain an erroneous legal description that was carried into the final judgment.

   b.) A decision to take an easier but less efficacious course of treatment in disclaiming any interest in the property.

   c.) Provisional realestate care that is so cursory as to amount to no treatment at all just only to foreclosure;

   d.) The prescribing of a foreclosure did not comply with the requirement of the mortgage and therefore did not satisfy the conditions imposed by the National Housing **Act 12 U.S.C. § 1701x (c) (5).** And the defendant(s) violated these rules doing so willfully: Because the Plaintiff incarceration.

6. The Plaintiff will show that the inadequate notice of sale and the certificate of sale and the title which Mr. Moss contends as the owner of the said property he never seen nor received did not begin with U.S. Bank Nat. Assoc. becoming the final holder. APPeNDix #B.

7. The Plaintiff answered all complaint(s) in due caused under such *vior dire* conditions to best of his ability he answer several affirmative defenses that he was not allowed to participle in as the owner including that U.S. Bank Nat. Assoc. lacked because it did not own the note and mortgage when the foreclosure complaint was filed, that has been implemented with deliberate indifference as to its known and obvious consequences to the Plaintiff.

8. On January 11, 2016 the Plaintiff was summon by the clerk of court that U.S. Bank Nat. Assoc. was suing Gail A. Moss to the sun of $225,000.00 for a property that's

worth nothing more than $37,000.00 thus showing extrinsic fraud, the servicer (U.S. Bank Nat. Assoc.) Did not have authority to foreclose on Mr. Moss property because it did not posses the underlying note. APPeNDix #E.

9. Approximately February, 2016 the affidavit did not meet the requirements of **Florida Business and Comm. Code Ann. § 3.309**. Because it did not specify the actual timing of when the note was lost.

10. The Plaintiff claim that the foreclosure action did not state that the Plaintiff had right to raise defenses in a foreclosure proceeding; Mr. Moss is warrant relief under **rule 1.540(b).**

11. The Plaintiff will show that on the grounds within an affidavit of indebtedness that U.S. Bank Nat. Assoc. action was all fraudulent.

12. The Plaintiff will show that Mr. Moss is entitled to the surplus proceeds property U.S. Bank should have been barred from claiming the surplus because it had failed to file claim.

13. The Plaintiff realized the legal description in the mortgage and in the deed did not match. The notice of the foreclose sale; however did not include the legal description of the property from the original mortgage and the original complaint.

14. The Plaintiff specifically alleged that as the "new owner" who obtain the subject property via quit claim deed; is not liable for unpaid assessments was limited pursuant to the "Safe Harbor" provision contained in section **718.116 Fla. Statutes.** Please See, APPenDix #A.

15. The Plaintiff will show that U.S. Bank Nat. Assoc. never filed and motion to re-establish **"lost Note"** against (Britt D. Moss) The new owner of the said property.

16. The Plaintiff will show that U.S. Bank Nat. said it would produce the original note at the hearing on the injunction motion(s), Mr. Moss was never allowed to attend not one court preceding plus he never seen the original note, the trial court never seen this note, nor was Mr. Moss present to re- establish himself as the New owner. see, Appendix #B.

17. The Plaintiff will show that before a final judgment of foreclosure and the mistake is carried into the advertisement for sale, and the foreclosure deed, a lower court cannot reform the mistake in the deed and judgment rather the foreclosure process must begin anew; review **Epstein** vs. **Bank of Am**. 162 so. 3rd 159(Fla. 4th DCA 2015).

18. The Plaintiff will show that **section 718.116(1) (b) Florida statue (2009)** makes it clear that the first mortgage is required to pay assessments only after acquiring title and equity follows the law **id at 823-24.**

19. The Plaintiff will show that U.S. Bank Nat. Assoc. was suppose to vacate the foreclosure sale order because Moss is the new owner and enter into a forbearance agreement with the Plaintiff homeowner that would provide Moss the opportunity to save his home.

20. The Plaintiff will show a foreclosure sale takes place under section 45.031, Florida, statue, (2010) according to LR5A U.S. Bank Nat. Assoc. as an Junior lien holder cannot demand a foreclosure sale be set, and the trial court erred as an matter of law in setting the date for the Judicial sale.

21. The Bank intered an enforceable agreement whereby Mr. Moss (Plaintiff) was precluded from opposing U.S. Bank's motion to foreclose on the property.

22. The Plaintiff will show that this court must decide is whether U.S. Bank Nat. Assoc. established a factual basis and legal grounds that would authorized the trial court to exercise its discretion to conduct an illegal foreclosure sale auction.

23. The Plaintiff will show that U.S. Bank Nat. Assoc. agreed that they lost and destroyed the note; the title; the deed's but it was not the same allonge that had been attached to the complaint and the {51 page summons}. The new allonge was undated and bore a blank endorsement from the correct property address; it contains a different loan number than other documents. See Appendix #D.

24. The Plaintiff will show, instead of filing the original allonge with the original note title and deed U.S. Bank Nat. Assoc. filed a different allonge. Because it lost the original note title and deeds therefore this allonge contained a different loan number thus violating Federal Law.

25. The Plaintiff will show that U.S. Bank Nat. Assoc. did not file affidavits to attest Gail's Moss payment History.

26. The Plaintiff will show the court erred by failing to order that title, deed and note to the underlying property new owner (Mr. Moss) to be conveyed, to Petition up exercising its right to redemption in the foreclosure auction because U.S. Bank Nat. Assoc. failed to file a *lis pendens* when it file the foreclosure and (Mr. Moss) may have burdened the property in the in terim.

27. U.S. Bank Nat. Assoc. failed to pursue foreclosure within the time of that acceleration and accrual; so the instant should be time barred by Federal Law.

28. The Plaintiff argues that the trial court erred as a matter of law (Mr. Moss) has post judgment interest and is not required to pay costs associated with that previous foreclosure.

29. Trial court committed reversible error when it prevented the Plaintiff from participating in closing foreclosure judgment, causing deliberate indifference. Appendix #C.

30. Although the foreclosure action had been actively litigated pursuant **to rule1.540 (b) (4)**, asserting that the final order is void for lack of due process because it was entered without providing the petitioner with a notice thus (Moss) due process rights were violated by the 6th, 8th and 14th const. amend. U.S.C. and the final order are void.

31. The Plaintiff will show in this case that they are several numeral errors in the deeds and titles because the Bank lost and destroyed the original note(s). Appendix #D.

32. The trial court erred in denying the Plaintiff motion(s) all on the same day without addressing the merits of the Plaintiffs motions without holding a evidentiary hearing and dismissal of the entire action was unwarranted the lower court thus erred and violated (Moss) 6th and 14th Amend. Rights as a new homeowner.

33. The Plaintiff will show that U.S. Bank Nat. Assoc. failed to prove that it had standing to foreclosure because it failed to show that the note was validly transferred to it, so in **Caballero** vs. **U.S. Bank Nat. 189 so. 3d 1044(Fla.2016)** the courts agreed on the record, because there was insufficient evidence to show U.S. Bank Nat. Assoc. had

standing. The law must favor the non-moving party; (Mr. Moss) is the non-moving party.

34. The plaintiff will show that (Mr. Moss) was attempting to locate a witness(es), believes to be important to the ultimate resolution of the case, pursuant to **rule 1.420 (e)** requiring the trial court in a two-step process in deciding whether to dismiss a case for lack of evidence and prosecution, review: **Metro Dade co. vs. V. Hall, 784 so. 2d 1087 (Fla. 2001).** In this case, there had been no attempt to establish good cause on behalf of U.S. Bank Nat. Assoc.

35. Pursuant to **1692 lc (a),** The FDCPA provides that any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person for potential damages and cost **15 U.S.C. § 1692 k (a),** under the **fair debt collector practices act.**

36. The Plaintiff will prove that U.S. Bank Nat. Assoc. never adequately provides the notice of default to the (new) owner(s) that is require by the mortgage contract(s).

37. The Plaintiff will show when a mortgage contains an incorrect legal description a court must correct the mistake before foreclosure; however; the mistaken legal description is not converted then the foreclosure process must begin anew.

38. The Plaintiff will show that due process requires notice and an opportunity to be heard prior to dismissal (Moss) was therefore denied due process pursuant to **sec. 470.025 F.S.**

39. The Plaintiff will show he is required a copy of the note to be attached to the complaint or with the court. The original deed title and note in the same condition, if the (Bank) can't show cause during this **42 U.S.C. § 1983**. Then relief must be **Granted** in favor of the party (Mr. Moss).

40. The Plaintiff standing: Is a crucial element in any mortgage foreclosure proceeding and must be established at the inception of the lawsuit; the 3rd DCA has repeatedly held that a judgment infers without (notice) to a party is **Void ab initio,** Trial court abused its desecration; on remanded with directions to the lower court, it had to re-open the foreclosure action(s). Review: **McBEAN vs. J.P. MORGAN CHASE,79, SO 3D 170 (Fla. 2012).** APPeNDix #C.

41. Plaintiff argues that the foreclosure court should be reverse, because the deed failed to sufficiently identify the property due to the omission of the specific recording information regarding the declaration of the property.

42. The Plaintiff argues that the omission in the deed did not render the title transferred to (Mr. Moss) void because based on the information provided in the deed; the property that was conveyed was ascertainable.

43. The Plaintiff will show that omission in the deed was clearly a scrivener's error and thereafter when the trial court entered its final judgment would find that (Mr. Moss) established standing, the pleading sufficiently stated a claim and prayer for monetary relief; due to an illegal foreclosure sale auction.

44. The Plaintiff will show that the motion(s) asserting the property was fraudulent conveyance under **Section 726.01 Florida statue** and such fraudulent conveyance constitutes a valid affirmative defense for Mr. Moss.

45. The Plaintiff argues that the principle of ademption should apply by analoay. Ademption occurs when a specific devise made in the Will of the previous owner who is now deceased is no-longer in the estate at the time of Gail A. Moss death.

46. The Plaintiff claim(s) that U. S. Bank Nat. Assoc. Committed fraud by including several (notes) that were all lost to a mortgage; were to hinder and delay creditors – etc., are demurred to because the same are impertinent.

### 5. STATEMENT OF CLAIMS:

1. Defendant U.S. Bank Nat. Assoc.'s customs policy and their delay in providing the adequate time to make good on the default payment(s) as prerequisite to judicial construction of the deceased life insurance policy or the mortgage insurance at the time of the previous owner demise would have covered the descendant debt which constitutes deliberate indifference by subjecting the Plaintiff (The New Owner )to cruel and unusual punishment through the unnecessary and wanton infliction of pain when anyone loses something of value of 48 Plus years.

2. Defendants U. S. Bank Nat. Assoc. actions constitutes decisions to take an easier but less-efficacious course of treatment in the name of cost prevention and the relief of the plaintiff even getting a fair argument provided by law is so cursory as to amount to no-treatment at all thus depriving the plaintiff of his right under the 8th Amendment.

3. Defendant Richard Davis, CEO of U. S. Bank Nat. Assoc. having the responsibility of care, custody, and control over the plaintiff; real property allows defendant U.S. Bank Nat. Assoc. a Federal agency through contract to deny the Plaintiff adequate entitlement of the said property for his serious equity need to be made whole, that defendant Jennie Carlson has recognized prior to the contract with the previous mortgage company constitutes deliberate indifference toward the plaintiffs unclaimed property, by failing in the responsibility of administrative hearings(s) for the plaintiffs property. Thus depriving the plaintiff of his rights covered under the 8th Amendment.

4. Defendant Richard Davis, being the representatives for the defendants, Andrew Cecere and U.S. Bank Nat. Assoc. as the respondent for appeals has been placed on notice of the inadequate foreclosure treatment, the plaintiff experiences at the hands of U.S. Bank Nat. Assoc. and all unnamed John Doe Defendants, to be named in the future and failed to intervene the foreclosure process on behalf of the (New Owner) the Plaintiff.

5. Defendant U.S. Bank Nat. Assoc. statement to all grievance, appeals: "It is the responsibility of the unnamed John Doe defendants to determine the appropriate treatment that would make the Plaintiff whole for the condition you are experiencing" as a home owner acquiesces to the inadequate legal treatment being provided at the

administrative level; constituting deliberate indifference thus depriving the Plaintiff of his rights of the said property covers under the 8th Amendment.

6. All defendants caused deliberate indifference, because extrinsic fraud occurs where a plaintiff somehow has been prevented from participating in a cause. Review: **S.E. Bank; Na. vs. Almeida (Fla. 3rd DCA1997).** See Appendix #C.

7. All defendants violated the **Florida statute sec. 95.23 FSA** the twenty year statute rending records deeds indefeasible after the lapse of the twenty years has application in the instant case.

8. The civil court applied the wrong legal rule to foreclosure on the Plaintiff property thus **Granting** a illegal motion for disqualification the civil court application of the wrong law in deciding (Mr. Moss) motions to dismiss: is a departure from the essential requirements of the law moreover the 3rd **DCA analysis in** <u>Adelman</u> is applicable here.

9. The civil court should have **Granted** (Mr. Moss) motion writ of repleven and reinstated the mortgage in the Plaintiffs name or in his company and under the reasoning in <u>**Adelman Supra.**</u> Review:<u>**Frye vs. Ironstone Bank**</u> (Fla. 2nd DCA 2011). In all fairness to the civil court; Also note that neither the unnamed defendants for U.S. Bank Nat.

14

Assoc. Directs nor the civil courts attention to the Nov. 2016 decision, when the 3rd DCA mandated Moss to participate in the next court hearing.

10. The Defendants actions violated and continue to violated the Plaintiffs rights under the 8th Amendment and cause the Plaintiff to suffer with pain and anguish of losing his home that he retain out right legally and further causes the Plaintiff condition to worsen; because the civil court abuse its discretion by failing to adhere this court this decision {3 D16-2502} 2016 Fla.app. lexis 17745 **U.S. Bank vs. Moss,** That very well could have, cause and unlawful foreclosure sale auction and the property illegally sold: APPeNDix#C.

11. The Plaintiff has no plain adequate or complete remedy at law to redress the wrongs described herein:

12. The Plaintiff has been, and will continue to be irreparably injured, by the conduct of the defendants (John Doe's) and the unnamed defendants to be later named unless this court **Grants** declaratory and injunctive relief which the Plaintiff seeks.

## 6. RELIEF REQUESTED:

Wherefore, the Plaintiff respectfully prays that this court will enter the following judgment and relief:

A. **Granting** a declaration that the acts and omissions of the defendant and unnamed John Doe's defendants to be later name described herein violated the Plaintiff Eighth Amendment protection from cruel and unusual punishment through the exercise of deliberate indifference.

B. A preliminary and permanent injunction in the form of quashing the foreclosure sale auction with direction to reinstate the **November 2016 order (3D16-22502)** That would have allowed the Plaintiff to participate in a single court hearing, civil judge deprived Moss of jurisdiction by manner in which the DCA made their ruling to relieve the Plaintiff of foreclosure liability because he was never present on the record to challenge any, and all charges against the Plaintiff; as he is the final authority of the said real property.

C. Another treatment of relief that the Plaintiff was preventing from filing was a "Bankruptcy petition "that automatically stays the commencement or continuation of and action against the debtor's property… It is an error for a circuit court to enforce a judgment of foreclosure on property owner by another debtor when she or he filed and automatic stay: Is in place see **(February 2016)** Docket sheet the Plaintiff filed and injunction pursuant to **Sec. 733.213 Florida statute (1997)** Provides that "NO" pleading seeking construction of a will may-be maintain until the will has first been probated.

D. The Plaintiff seeks compensatory damages in the amount of $250,000.00 against each, Richard Davis; defendant U.S. Bank Nat. Assoc. and other unnamed John Doe defendants in their individual and official capacity, causing deliberate indifference.

E. The Plaintiff seeks compensatory damages in the amount of $185,000.00 against each, Andrew Cecere, defendants' and other defendants. And other unnamed John Doe defendants' to later named in their official and individual capacity, causing deliberate indifference.

F. The Plaintiff seeks punitive damages in the amount of $500,000.00 against each, Jennie Carlson, defendant U.S. Bank Nat. Assoc. and other unnamed John Doe defendants' to be later named in their individual and official capacity, causing deliberate indifference.

G. The Plaintiff seeks punitive damages in the amount of $250,000.00 against defendants, Employed @ U.S. Bank other unnamed John Doe defendants in their individual and official capacity, causing malfeasance.

H. Plaintiff also seeks a jury trial on all issues triable by jury.

I. The Plaintiff seeks recovery of his cost in this suit.

J. Any additional relief this court deems just, proper equitable.

I DECLARE UNDER THE PENALTY OF PERJURY THAT THE FOREGOING STATEMENTS ENCLOSED INSIDE THIS 42 U.S.C. § 1983 OF FACT'S ARE TRUE AND CORRECT. DULY EXECUTED ON. Day 20th Of November 2017

/s/ Mr. Britt D. Moss

Respectfully Submitted:

British D. Moss dc. # 184797

Taylor C.I. Annex

8501 Hampton Springs Road

Perry, Florida. 32348-8747

**If mailed by Prisoner**

I declare or affirm under the penalty of perjury that his complaint was delivered to Prison officials for Mailing on 20th day of November, 2017

Mr. Britt D. Moss

British D. Moss dc. # 184797



Ms. Britt O. Moss
#184797 Dorm-D143-S/Henry
Taylor Correctional Institution
8501 Hampton Springs Road
Perry, Florida 32348-8747

USMS INSPECTED BY _____

Attn: United States District
Clerk Office Room #
301 North Miami A
Miami, Florida

Southern District



"Legal Mail"

OUTGOING LEGAL MAIL
PROVIDED TO TAYLOR C.I. FOR
MAILING ON
11/20/17 / HK MB
DATE (MAILROOM-ANNEX) OFFICER INT.